Case 4:20-cv-00565 Document 19 Filed on 06/17/21 in TXSD Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVID BAKER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-565 |
| | § | |
| **ANDREW SAUL, Commissioner of Social Security,** | § § § | |
| | § | |
| Defendant. | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff David Baker's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 15) and Defendant Andrew Saul's ("Commissioner") Motion for Summary Judgment (Dkt. No. 16). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the action be **DISMISSED** with prejudice.

**I.     BACKGROUND**

On February 11, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits under Title XVI of the Social Security Act.[2] On September 27, 2016, Plaintiff filed an application for benefits claiming an inability to work since November 10, 1996, due to mental

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 8.)

[2] *See* Dkt. No. 1.

illness with bipolar disorder.[3] The SSA found that Plaintiff was not disabled at the initial level of review in December 2016 and again, upon reconsideration, in May 2017.[4] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[5]

On January 24, 2019, the ALJ conducted a hearing.[6] The ALJ heard testimony from Plaintiff and Thomas King, a vocational expert ("VE").[7] On February 28, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[8] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from September 27, 2016, the date the application was filed . . . ."[9] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[10] On November 6, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[11]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[12]

## II.  LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability

---

[3] *See* Dkt. No. 12-5 at 3–4, 14–15; *see also* Dkt. No. 12-3 at 27.
[4] *See* Dkt. No. 12-5 at 11, 23.
[5] Dkt. No. 12-6 at 22.
[6] *See* Dkt. No. 12-4.
[7] *Id.* at 4.
[8] Dkt. No. 12-3 at 27–44.
[9] *Id.* at 44.
[10] Dkt. No. 12-6 at 82.
[11] Dkt. No. 12-3 at 2.
[12] Dkt. No. 1.

claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.

1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III.     DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th

Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 27, 2016, the application date.[13] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder, attention deficit hyperactivity disorder, and personality disorder.[14] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not

---

[13] Dkt. No. 12-3 at 29.
[14] *Id.*

meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[15] The ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels as defined in the Commissioner's regulations with certain nonexertional limitations.[16] At step four, the ALJ determined that Plaintiff had no past relevant work.[17] At step five, the ALJ found that there were alternative jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as laundry worker, hand packager, warehouse worker, laundry sorter, shipping weigher, photo copy operator, sorter, address clerk, and table worker—and therefore, Plaintiff was not disabled as defined under the Social Security Act.[18]

Plaintiff moves to reverse the ALJ's decision based on three issues.[19] Plaintiff argues that (1) the ALJ erred in determining Plaintiff's education level; (2) the ALJ failed to properly evaluate the opinion of the treating psychiatrist; and (3) the ALJ did not establish the existence of work that Plaintiff can perform.[20] Conversely, Commissioner argues that: (1) the ALJ properly determined Plaintiff's education level; (2) the ALJ properly considered and rejected a treating physician's opinion that Plaintiff was disabled; and (3) the ALJ properly established the existence of work that Plaintiff can perform.[21]

**a. The ALJ Properly Determined Plaintiff's Education Level.**

Plaintiff argues that the ALJ's RFC determination and hypothetical questions to the VE are

---

[15] *Id.* at 30.
[16] *Id.* at 31.
[17] *Id.* at 35.
[18] *Id.* at 18.
[19] *See* Dkt. No. 15.
[20] *Id.*
[21] *See* Dkt. No. 17.

based on a flawed premise because the ALJ incorrectly found that Plaintiff has a high school education.[22] Conversely, Commissioner argues the ALJ properly determined Plaintiff's education level.[23] The Court agrees with Commissioner.

In his application for benefits, Plaintiff stated that he completed the twelfth grade.[24] Plaintiff did not correct or update the education portion of his application after the SSA denied Plaintiff's application at the initial level of review in December 2016 and again, upon reconsideration, in May 2017.[25] In his hearing before the ALJ, Plaintiff testified that he was home schooled and had a high school degree.[26] When asking the VE whether jobs existed for Plaintiff, the ALJ instructed the VE to consider an individual "who is at the [Plaintiff's] age, education and work history."[27] Ultimately, the VE identified nine jobs that Plaintiff would be able to perform.[28] Plaintiff's counsel did not question the VE regarding Plaintiff's education and its effect on any of the jobs that the VE identified.[29] In her decision, the ALJ noted that Plaintiff "has at least a high school education and is able to communicate in English."[30]

Plaintiff argues that the ALJ erred because she never referred to: (1) a form filled out by Plaintiff's mother where she stated that Plaintiff did not complete high school level studies; (2) a post-hearing affidavit from Plaintiff's mother; and (3) the observations of a Social Security claims

---

[22] Dkt. No. 15 at 5–8.
[23] Dkt. No. 17 at 5.
[24] Dkt. No. 12-8 at 26.
[25] *See id.* at 11, 23.
[26] Dkt. No. 12-4 at 8.
[27] *Id.* at 29.
[28] *Id.* at 30–32.
[29] *Id.* at 32–37.
[30] *Id.* at 36.

representative who met with Plaintiff.[31] "[T]he ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *see Charland v. Astrue*, No. 08-CV-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]"). In fact, "[t]he ALJ's failure to mention a particular piece of evidence does not necessarily mean that [she] failed to consider it," *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005), and courts routinely decline to find reversible error when the ALJ explicitly states she considered the entire record in the decision. *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) ("The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record. To the contrary, his decision states expressly that it was made '[a]fter careful consideration of all the evidence,' and we see no reason or evidence to dispute his assertion."); *Tyler v. Saul*, No. 19-CV-187, 2020 WL 4462527, at *4 (N.D. Tex. Aug. 4, 2020). Here, the ALJ stated that she reviewed the entire record, and the Court will not find reversible error because the ALJ did not specifically mention certain pieces of evidence.

The ALJ's finding that Plaintiff has at least a high school education is based on substantial evidence: Plaintiff's own testimony and disability applications. *See Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005). Nevertheless, Plaintiff's education is just one of several factors that the Court must weigh in determining whether substantial evidence supports the ALJ's decision and Plaintiff does not allege that he would have been deemed disabled but for the ALJ's finding that he has a high school education. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v) (RFC, age, education, and work

---

[31] Dkt. No. 15 at 5–7.

experience). Here, the ALJ's RFC determination provided a number of limitations for Plaintiff. The ALJ found:

> [Plaintiff] can understand, remember, and apply/carry out simple instructions, perform simple and repetitive tasks. He can maintain concentration, persistence, and pace for 2-hour periods with customary breaks during an 8-hour workday. [Plaintiff] cannot perform fast paced production work. He can occasionally interact with supervisors and coworkers, and can maintain superficial/incidental interaction with the general public. [Plaintiff] requires a hands-on demonstration for the tasks to be done.[32]

Moreover, the jobs identified by the VE limited Plaintiff to unskilled work. The regulations provide that a person with a marginal education or a limited education has the ability to do simple, unskilled types of work. 20 C.F.R. § 416.964(b)(2)-(3). Therefore, even if Plaintiff was assumed to have a lower education level, he would still be able to perform the jobs listed in the ALJ's decision. *See Palomo v. Barnhart*, 154 F. App'x. 426, 430 (5th Cir. 2005) (finding that the claimant failed to show her alleged ninth grade education would prevent her from performing the unskilled work identified by the VE and adopted by the ALJ).

Plaintiff contends that four of the nine jobs identified by the VE require a high school diploma.[33] Even if true, that still leaves five jobs that the VE has identified as jobs that exist in significant numbers in the national economy that Plaintiff can perform. Plaintiff fails to explain how these five remaining jobs are insufficient. Therefore, any error by the ALJ regarding Plaintiff's education level is harmless because a different result would not have occurred absent the error. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (applying harmless error standard in Social Security case)); *Jones v. Astrue*, 691

---

[32] Dkt. No. 12-3 at 31.
[33] Dkt. No. 18 at 3.

F.3d 730, 734–35 (5th Cir. 2012) (holding that to establish an error warranting remand, a plaintiff bears the burden of demonstrating that it is possible that a different result would occur absent the error). Accordingly, the Court recommends that no reversible error occurred regarding Plaintiff's education level.

**b. The ALJ Properly Considered and Rejected a Treating Physician's Opinion.**

Plaintiff argues that the ALJ failed to properly evaluate the opinion of a treating psychiatrist because she did not evaluate Dr. Matthew Brams's opinion by the 20 C.F.R. § 416.927 factors.[34] Commissioner argues that the ALJ properly considered and rejected Dr. Brams's opinion letter that Plaintiff was disabled.[35] The Court agrees with Commissioner.

A treating physician's opinion on the nature and severity of a plaintiff's impairment should be accorded "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); *Brown v. Astrue*, 344 F. App'x 16, 20 (5th Cir. 2009). "[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (quoting *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994)). The good cause exceptions to the treating physician rule allow an ALJ to "disregard[] statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.*

20 C.F.R. § 416.927(c) requires consideration of: (1) the examining relationship; (2) the

---

[34] Dkt. No. 15 at 8.
[35] Dkt. No. 17 at 8.

10 / 15

length and nature of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the treating physician. While the ALJ does not have to specifically identify each individual factor in their decision, it does need to be clear from the record that the factors were considered. *See Jones v. Colvin*, 638 F. App'x 300, 305 (5th Cir. 2016).

Here, the ALJ afforded little weight to Dr. Brams's opinion that Plaintiff was disabled because his opinion was not supported by the underlying treatment notes.[36] In reviewing the ALJ's decision, it is apparent that the ALJ considered the relevant 20 C.F.R. § 416.927 factors. As to the first two factors, the ALJ recognized Dr. Brams is a treating psychiatrist and that he has treated Plaintiff since February 2003.[37] As to the third and fourth factors, the ALJ found Dr. Brams's opinion to be conclusory and not supported by his underlying treatment notes.[38] Lastly, as to the fifth factor, the ALJ recognized Dr. Brams's specialization as a psychiatrist.[39] Thus, Plaintiff's argument that the ALJ did not evaluate Dr. Matthew Brams's opinion by the 20 C.F.R. § 416.927 factors is without merit.

Plaintiff also argues that the ALJ substituted her own medical opinion over Dr. Brams's opinion, but fails to point to anything in the record where the ALJ did just that.[40] *See Frank*, 326 F.3d at 622 (citing to specific language from the ALJ's decision where the ALJ made his own medical conclusions as to what symptoms a claimant would experience based on his alleged impairments). This argument is also without merit. Accordingly, the Court recommends that the

---

[36] Dkt. No. 12-3 at 35.
[37] *Id.* at 34–35.
[38] *Id.*
[39] *Id.*
[40] Dkt. No. 18 at 6.

ALJ properly considered the medical opinions and substantial evidence supports her RFC determination.

### c. The ALJ Established the Existence of Work in Significant Numbers that Plaintiff can Perform at Step Five.

Plaintiff argues that the ALJ failed to establish existence of work in significant numbers that Plaintiff can perform.[41] Conversely, Commissioner argues that the ALJ properly established the existence of work that Plaintiff can perform based on the VE's testimony.[42] The Court agrees with Commissioner.

Here, the ALJ limited Plaintiff to simple instructions and the ability to perform simple and repetitive tasks.[43] Plaintiff argues that the jobs identified by the VE conflict with these limitations, namely because some of the jobs require reasoning level 2 or 3.[44] The Dictionary of Occupational Titles ("DOT") does not classify jobs by whether they require "simple" or "detailed" understanding or whether they require the performance of "simple" or "detailed" tasks. *Castillo v. Colvin*, No. CIV.A. H-12-3512, 2014 WL 897798, at *15 (S.D. Tex. Mar. 6, 2014). Instead, the DOT classifies jobs by reasoning levels, and those reasoning levels are not defined by terms such as "simple" or "detailed." *Id.*

While "the Fifth Circuit has not addressed the precise issue," several federal appellate courts "have held that a person who is limited to simple tasks and simple decisions can be asked to perform jobs requiring Level 2 and Level 3 reasoning." *Brumley v. Saul*, No. 4:20-CV-585, 2021 WL 1111045, at *5 (S.D. Tex. Mar. 23, 2021) (quoting *Ramos v. Saul*, No. CV 1:19-109, 2020 WL

---

[41] Dkt. No. 15 at 12.
[42] Dkt. No. 17 at 14.
[43] Dkt. No. 12-3 at
[44] Dkt. No. 15 at 12–16.

5097160 (S.D. Tex. July 29, 2020), *report and recommendation adopted*, No. 1:19-CV-109, 2020 WL 5097066 (S.D. Tex. Aug. 28, 2020)). District Courts have also rejected Plaintiff's argument. *See Burnham v. Saul*, No. H-19-1564, 2020 WL 3259619, at *6 (S.D. Tex. Apr. 14, 2020), *report and recommendation adopted*, 2020 WL 3250978 (S.D. Tex. June 13, 2020); *Lindsey v. Saul*, No. 4:20-CV-303, 2021 WL 933748, at *8 (S.D. Tex. Jan. 20, 2021), *report and recommendation adopted*, 2021 WL 931694 (S.D. Tex. Mar. 10, 2021) ("[T]he case law 'supports a determination that a limitation to "simple, repetitive, routine tasks" could support work with a reasoning level of two or three.'") (citations omitted); *Arrington v. Colvin*, No. 4:12-cv-01390, 2013 WL 12100718, at *12 (S.D. Tex. Sep. 18, 2013) (finding no direct conflict between limitation of simple, repetitive tasks and the ability to perform jobs requiring reasoning level of two or above).

Plaintiff also argues that the ALJ failed to identify work in significant numbers that Plaintiff can perform.[45] In support of his argument, he cites to Job Brower Pro, published by SkillTRAN, which is a database for categorizing work performed in the U.S. economy.[46] SSR 00-4p imposes an affirmative duty on ALJs to investigate and resolve apparent conflicts with the DOT, not other sources of job information. Further Plaintiff fails to "establish[] that the Job Browser Pro data is the only source of job data or data that is inherently superior to others. Moreover, Plaintiff fails to support his interpretation of the raw numbers included in the Job Browser Pro data with any analysis or explanation from a VE."[47] *Hariman v. Comm'r, SSA*, No. 4:18-CV-377, 2019 WL

---

[45] Dkt. No. 15 at 16.
[46] *Id.* at 17–19.
[47] Plaintiff does cite to cases out of the Ninth Circuit to argue the job of addresser no longer exists in significant numbers in the national economy. (Dkt. No. 15 at 18.) Plaintiff fails to cite any similar cases out of the Fifth Circuit. Even if the Court agreed with Plaintiff, this would not constitute reversible error. Plaintiff does not attempt to provide the same support as to the eight remaining jobs identified by the VE.

4727417, at *3 (E.D. Tex. Sept. 27, 2019).

Here, the VE testified in the hearing based on the "[DOT], its companion volume, Selected Characteristics of Occupations, [his] professional experience as a vocational counselor and in job placement."[48] Thus, the ALJ's decision to rely on the VE's knowledge and experience was not error. *See Thrower v. Berryhill*, No. CV H-18-2473, 2019 WL 4280069, at *8 (S.D. Tex. Aug. 21, 2019), *report and recommendation adopted*, No. CV H-18-2473, 2019 WL 4274451 (S.D. Tex. Sept. 9, 2019) (finding the VE's testimony constituted substantial evidence that supported an ALJ's decision at Step Five). The question before the Court is whether there is more than a "mere scintilla" of evidence to support the ALJ's finding that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *See generally Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Accordingly, the Court recommends that substantial evidence supports the ALJ's finding that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and

---

[48] Dkt. No. 12-4 at 37–38.

the action be **DISMISSED** with prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on June 17, 2021.

_____
Sam S. Sheldon
United States Magistrate Judge