IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-565 |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION ADOPTING MEMORANDUM AND RECOMMENDATION GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE**

David Baker filed this case under the Social Security Act, 42 U.S.C. §§ 405(g), for review of the Commissioner's final decision denying his request for disability insurance based on his inability to work since 1996 because of bipolar disorder. Baker and the Commissioner cross-moved for summary judgment, (Docket Entry Nos. 15, 16), and Judge Sam S. Sheldon granted the Commissioner's motion and denied Baker's motion. After considering the pleadings, the record, and the applicable law, the court adopts Judge Sheldon's memorandum and recommendation denying Baker's motion, granting the Commissioner's motion, and dismissing this case with prejudice. The court overrules Baker's objections to Judge Sheldon's recommendations, (Docket Entry No. 20), because they are without foundation in the law or the facts.

Baker filed an application for disability insurance benefits in 2016, alleging that he has been disabled since 1996 because of bipolar disorder. The ALJ and Commissioner found no basis for disability, because Baker's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ and Commissioner

found that Baker had the ability to perform a full range of work at all exertional levels, with some limits, and that although Baker had no past relevant work, he could perform a number of alternative jobs in the economy. Baker challenged the determination of his education level, the evaluation of the treating psychiatrist's opinion, and the conclusion that there was work that he could perform.

The record supports Judge Sheldon's recommendation to find and conclude that the ALJ correctly determined Baker's education level of at least a high school education. The record also supports the rejection of the opinion of Dr. Matthew Bram, a treating physician, that Baker was disabled, in part because Dr. Bram's treatment notes were not consistent with his conclusory opinion of disability. The record also supported the finding that there was work in the economy that Baker could perform, including work requiring Level 2 and Level 3 reasoning, which is consistent with the ability of a person who is limited to simple tasks and decisions.

The court finds that the ALJ properly considered the evidence and correctly applied the applicable law. Baker's objections are overruled, and the memorandum and recommendation of Judge Sheldon is adopted as this court's memorandum and opinion. The Commissioner's motion for summary judgment is granted, Baker's motion is denied, and final judgment dismissing this case is entered by separate order.

SIGNED on July 28, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge